**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jalynn Bacon-Dorow,<br><br>             Plaintiff,<br><br>v.<br><br>Prescott Unified School District No. 1,<br><br>             Defendant. | No. CV-14-08096-PCT-DGC<br><br>**ORDER** |

Defendant Prescott Unified School District No. 1 moves to dismiss Plaintiff Jalynn Bacon-Dorow's complaint pursuant to Rule 12(b)(6). Doc. 10. Defendant first asserts that Plaintiff's complaint is barred by res judicata. *Id.* at 3. In the alternative, Defendant argues that Plaintiff is not a qualified individual under the ADA. *Id.* The motion is fully briefed and no party has requested oral argument. Docs. 10, 16, 17. The Court will grant Defendant's motion.

**I.   Background**

Defendant employed Plaintiff as an art teacher from January 1995 through June 30, 2012. Doc. 1, ¶ 9. Plaintiff suffers from a physical impairment in her back that substantially limits activities such as walking, standing, sitting, lifting, bending, and raising her arms. *Id.*, ¶ 10-11. Plaintiff underwent back surgery in June 2011. *Id.*, ¶ 12.

In July 2011, Plaintiff met with her supervisors and requested accommodation for her disability. *Id.* at 13. Plaintiff's proposed accommodation would have modified her schedule to half days and required Defendant to hire a second part-time art teacher for the rest of the day. *Id.*, ¶ 13. Defendant initially agreed to attempt the accommodation

1    with the understanding that if Defendant did not find a second part-time teacher during
2    the first semester, Plaintiff would be required to take leave during the second semester.
3    *Id.*, ¶ 14.

4          Plaintiff worked the reduced schedule for roughly one month, beginning with her
5    return to work in late July 2011 through August 31, 2011. *Id.*, ¶¶ 16, 24. Plaintiff claims
6    that Defendant did not accommodate her disability to the extent they had agreed, and
7    instead required a more rigorous schedule including demands that Plaintiff perform
8    morning duties once a week, grade papers from the afternoon classes, and work as many
9    as six hours a day. *Id.*, ¶ 17. During the first week of August 2011, Defendant
10   "interrogated" Plaintiff regarding the precise cause of her disability. *Id.*, ¶ 21. On
11   August 30, 2011, Defendant informed Plaintiff she would no longer be permitted to work
12   half days, "threatened" terminating Plaintiff's employment, and began "aggressive
13   advertising" in search of a full time replacement. *Id.*, ¶¶ 22-23. On about September 1,
14   2011, Plaintiff began suffering panic attacks. *Id.* at 25. The frequency and severity of the
15   attacks have prevented Plaintiff from returning to work. *Id.*, ¶ 25-26.

16         On September 8, 2011, Defendant sent a letter to staff and parents disclosing
17   confidential medical information about Plaintiff's disability and incorrectly claiming that
18   Plaintiff intended to resign her position for medical reasons. *Id.*, ¶ 27. In the following
19   weeks, Defendant required that Plaintiff turn in her keys (*id.*, ¶ 28), deleted or destroyed
20   computer files containing Plaintiff's teaching plans and instructional materials developed
21   through years of teaching (*id.*, ¶ 29), and denied Plaintiff access to her school email
22   account and software (*id.*, ¶ 30).

23         On November 25, 2011, Plaintiff filed a charge with the Equal Employment
24   Opportunity Commission ("EEOC"), numbered 846-2012-04893 (the "Discrimination
25   Charge"), alleging that Defendant engaged in unlawful disability-based discrimination in
26   violation of the Americans with Disabilities Act ("ADA"). Doc. 16 at 1.

27         In April 2012, at Plaintiff's request, Defendant extended Plaintiff's leave until
28   June 30, 2012. Doc. 1, ¶ 31. In May of 2012, Defendant made Plaintiff's temporary

replacement a permanent employee to fill Plaintiff's position, and disposed of numerous works of art Plaintiff had either created or collected throughout her career as a teacher to be used as instructional aids, lesson plans, projects, and samples. *Id.*, ¶¶ 32-33. In June 2012, Defendant chose not to extend Plaintiff's contract of employment for the 2012, 2013 school year. *Id.*, ¶ 35.

On June 15, 2012, Plaintiff filed a second charge with the EEOC, numbered 540-2012-02411 (the "Retaliation Charge"). Doc. 16 at 1. On November 29, 2012, the EEOC issued Plaintiff a right-to-sue letter (the "Retaliation Letter") regarding her Retaliation Charge. *Id.*

On February 27, 2013, Plaintiff brought suit in this Court against Defendant based on her Discrimination Charge, using the Retaliation Letter to establish jurisdiction. *Id.* at 1-2; Doc. 10 at 2. On October 30, 2013, Judge Wake held that Plaintiff's lawsuit regarding her Discrimination Charge was premature because the EEOC had not issued a right-to-sue letter for the Discrimination Charge. *Bacon-Dorow v. Prescott Unified Sch. Dist.*, No. CV-13-08039-PCT-NVW, 2013 WL 5837543, at *2 (D. Ariz. Oct. 30, 2013). Plaintiff submitted a proposed amended complaint, aiming to properly sue Defendant based on the Retaliation Charge and the Retaliation Letter. *Id.* at *3. The proposed amended complaint alleged Defendant engaged in unlawful retaliation against Plaintiff after she filed the Discrimination Charge. *Id.* Judge Wake held that none of Defendant's alleged acts from the proposed amended complaint could be found to be unlawful retaliation against Plaintiff. *Id.* On December 24, 2013, after granting Plaintiff a second chance to file an amended complaint, Judge Wake held that Plaintiff failed to allege facts that would support a claim of unlawful retaliation against Defendant. Order, *Bacon-Dorow v. Prescott Unified Sch. Dist.*, No. CV-13-08039-PCT-NVW, Doc. 21 (D. Ariz. Dec. 24, 2013).

On March 13, 2014, Plaintiff received another right-to-sue letter (the "Discrimination Letter") from the EEOC, this one regarding the Discrimination Charge. Doc. 1 at 1. On June 16, 2014, Plaintiff brought suit against Defendant alleging unlawful

disability-based discrimination and asserting that the Discrimination Letter establishes jurisdiction. Doc. 1. Defendant filed the present motion to dismiss. Doc. 10.

**II.   Analysis**

Defendant argues that Plaintiff's action is barred by res judicata. Doc. 10 at 3. "The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States,* 440 U.S. 147, 153 (1979)). Thus, res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Identity of claims exists when two suits "arise from the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted). Dismissal for failure to state a claim is a dismissal on the merits for res judicata purposes. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

Plaintiff does not dispute that her claim in this case arises from the same nucleus of facts as her previous action (Doc. 16 at 3) or that Judge Wake entered a final ruling on the Retaliation Charge (Doc. 16 at 4). Nor does she dispute that the parties in both actions are identical. Plaintiff instead argues that this action is not barred by res judicata because the EEOC had not resolved the Discrimination Charge or issued a right-to-sue letter when Judge Wake ruled, and the Court therefore could not render a binding judgment as to those claims. Doc. 16 at 3.

The Ninth Circuit has held, however, that "Title VII Claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing administrative remedies nor attempted to amend their complaint to include their Title VII claims." *Owens*, 244 F.3d at 714-15. Plaintiff did not attempt to stay her first action for the purpose of pursuing a right-to-sue letter on the

Discrimination Charge, and her current claim is not shielded from res judicata simply because she had not exhausted her administrative remedies before resolving the previous action. *See Id.* at 715.

Nor is Plaintiff's action saved by the fact that Judge Wake addressed only the Retaliation Charge. "The doctrine of res judicata is motivated primarily by the interest in avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined." *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1431 (9th Cir. 1993) (citations omitted). "For this reason, res judicata bars not only all claims that were actually litigated, but also claims that 'could have been asserted' in the prior action." *Id.* Plaintiff's prior lawsuit clearly arose out of the same nucleus of operative facts as this action, and the claims asserted in this action, although based on different legal theories, are therefore barred. *See Owens*, 244 F.3d at 714 ("Although the current action also alleges retaliation and hostile work environment, these are all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.") (citation omitted); *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (holding that res judicata bars consideration of a hostile work environment claim that could have been raised in a prior action between the same parties).[1]

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 10) is **granted**. The Clerk is directed to enter judgment for Defendant and terminate this action.

Dated this 10th day of November, 2014.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[1] Because this case is barred by res judicata, the Court will not reach the question of whether the complaint states a claim for relief under the ADA.